1  ARLENE P. MESSINGER
   Assistant General Counsel for SBIC Enforcement
2  U.S. Small Business Administration
   Receiver for Prospero Ventures, L.P.
3  409 Third Street, S.W., 7th Floor
   Washington, DC 20416
4  Telephone: (202) 205-6857
   Facsimile: (202) 481-0325
5
   DARRYL J. HOROWITT #100898
6  CHRISTINE J. LEVIN #192181
   COLEMAN & HOROWITT, LLP
7  Attorneys at Law
   499 West Shaw, Suite 116
8  Fresno, California 93704
   Telephone: (559) 248-4820
9  Facsimile: (559) 248-4830

10 Attorneys for Plaintiff,
   U.S. SMALL BUSINESS ADMINISTRATION,
11 as Receiver for PROSPERO VENTURES, L.P.

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

15 U.S. SMALL BUSINESS                    NO.    C 07-03735 MEJ
   ADMINISTRATION, as Receiver for        Related Cases
16 PROSPERO VENTURES, L.P.,                       No. C 07-3732 MEJ
                                                  No. C 07-3733 MEJ
17                Plaintiff,                       No. C 07-3736 MEJ
                                                  No. C 07-3737 MEJ
18        v.                                       No. C 07-3738 MEJ
                                                  No. C 07-3739 MEJ
19 HIGH GROWTH MANAGEMENT, LTD.,                   No. C 07-3740 MEJ
                                                  No. C 07-3741 MEJ
20                Defendant.
                                           **MEMORANDUM OF POINTS AND**
21                                         **AUTHORITIES IN SUPPORT OF**
                                           **APPLICATION FOR JUDGMENT**
22                                         **PURSUANT TO FRCP RULE 55(b)(1)**

23                                         **[Filed concurrently with Application**
                                           **for Judgment, Declarations of Brian**
24                                         **Stern and Christine J. Levin, and**
                                           **Proposed Judgment]**
25
                                           Date: January 17, 2008
26                                         Time: 10:00 a.m.
                                           Courtroom B, 15th Floor
27
         Plaintiff,   U.S.   SMALL   BUSINESS   ADMINISTRATION   ("SBA"),   as   Receiver
28

                                           1

1  ("RECEIVER") for PROSPERO VENTURES, L.P., a California Corporation (hereinafter

2  "PROSPERO") f/k/a Dotcom Ventures, L.P., hereby submits the following Memorandum of Points

3  and Authorities in support of its Application for Default Judgment against Defendant HIGH

4  GROWTH MANAGEMENT, LTD, a foreign corporation (hereinafter "HIGH GROWTH"), under

5  Rule 55(b)(1) of the Federal Rules of Civil Procedure.

6                          **PROCEDURAL HISTORY**

7  On or about October 20, 2004, SBA was appointed as the Receiver of PROSPERO by way

8  of a "Receivership Order." (See Stern Dec. ¶ 5 and Exh. "A" attached thereto.) On or about April

9  13, 2007, this Court entered its order ("Lift Stay Order") lifting the judicial injunction and stay

10  against the commencement of civil legal proceedings of any nature involving PROSPERO (See Stern

11  Dec. ¶ 6 and Exh. "B" attached thereto.)

12  After the stay was lifted, PROSPERO, on behalf and acting in the place of the General

13  Partner, filed its complaint with this Court on July 19, 2007. On or about August 29, 2007, HIGH

14  GROWTH was served with the summons and complaint. HIGH GROWTH's response was due on

15  or about September 18, 2007. October 12, 2007, Plaintiff filed its request for default. On October

16  18, 2007, this court granted Plaintiff's request that default be entered against HIGH GROWTH.

17                            **STATEMENT OF FACTS**

18  This is an action for breach of a partnership agreement entitled Amended and Restated

19  Agreement of Limited Partnership for Dotcom Ventures, L.P. (Formerly ASCII Ventures, L.P.), A

20  California Limited Partnership (hereinafter "PARTNERSHIP AGREEMENT"). (See Stern Dec.,

21  ¶ 11.) The dispute stems from HIGH GROWTH's failure to make promised capital contributions

22  despite demand.

23  On or about April 1, 1999, PROSPERO and HIGH GROWTH entered into a written

24  partnership agreement. (See Stern Dec., ¶ 11.) The agreement was subsequently modified on or

25  about September 10, 1999, in a document entitled "Amended & Restated Agreement of Limited

26  Partnership for Dotcom Ventures, L.P. (formerly ASCII Ventures, L.P.) a California Limited

27  Partnership (hereinafter "PARTNERSHIP AGREEMENT." (See Stern Dec., ¶ 11; a true and correct

28  copy of the PARTNERSHIP AGREEMENT is attached to the Stern Declaration as Exhibit "D.")

2

1   The PARTNERSHIP AGREEMENT was entered by Amy L.K. Lo of HIGH GROWTH. (See Stern

2   Dec., ¶ 12; a true and correct copy of the signatory is attached thereto as Exhibit "E.")

3         The PARTNERSHIP AGREEMENT provides, in pertinent part, that "A Partner's Capital

4   Commitment shall mean the amount that such Partner has agreed to contribute to the capital of the

5   Partnership as set forth opposite such Partner's name on Exhibit A hereto." A true and correct copy

6   of the PARTNERSHIP AGREEMENT is attached to the complaint filed in this case as Exhibit "A."

7   Exhibit A as attached to the Complaint file in this Court demonstrates that HIGH GROWTH agreed

8   to contribute $124,752 to the partnership. (See Exhibit "A" to Complaint.)

9         HIGH GROWTH paid $62,376 which is only one-half of the requisite contribution. (Stern

10  Dec., 14-15.) On or about May 9, 2005, Plaintiff made formal demand that HIGH GROWTH make

11  its unfunded capital contribution no later than June 17, 2005. (See Stern Dec., ¶ 17 and Exh. "G"

12  attached thereto.)

13        HIGH GROWTH failed to pay despite demand and notwithstanding its agreement to do so.

14  (See Stern Dec., ¶ 18.)

15        Because of HIGH GROWTH's default, PROSPERO therefore applies for judgment in the

16  amount of $62,376, plus attorneys' fees, cost and the interest rate of nine percent (9%) per annum

17  beginning on June 17, 2005 and continuing until November 15, 2007. Thereafter, Plaintiff seeks

18  interest at the legal rate of 10% per annum.

19                          **DISCUSSION**

20  **1.    JUDGMENT IN FAVOR OF PLAINTIFF MAY BE ENTERED UPON
        DECLARATION**

21

22        Federal Rule of Civil Procedure Rule 55(b)(1), provides:

23              "(b) Judgment. Judgment by default may be entered as follows:

24                    (1) By the Clerk. When the plaintiffs claim against a
                      defendant is for a sum certain or for a sum which
25                    can by computation be made certain, *the clerk upon
                      request of the plaintiff and upon affidavit of the*
26                    *amount due shall enter judgment for that amount*
                      *and costs against the defendant,* if the defendant
27                    has been defaulted for failure to appear and is not an
                      infant or incompetent person." (Emphasis added.)

28

3

1    PROSPERO submits that the accompanying declaration of Brian Stern supports its claim

2    for breach of partnership.  As such, by virtue of Federal Rule of Civil Procedure Rule 55,

3    judgment should be entered on the attached declaration in lieu of personal testimony.

4    **2. DEFAULT ADMITS THE MATERIAL ALLEGATIONS OF A COMPLAINT**

5    By defaulting, HIGH GROWTH is deemed to admit the material allegations of the

6    complaint, except those relating to the amount of damages.  (See *TeleVideo Systems, Inc. v.*

7    *Heidenthal* (9TH Cir. 1987) 826 F.2d 915, 917.)  The Defendant, by its default, admits the

8    Plaintiffs well-pleaded allegations of facts and is barred from contesting on appeal the facts thus

9    established.  (See *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank* (5th Cir. 1975) 515

10   F.2d 1200, 1206.)

11   In this action, HIGH GROWTH failed to timely respond to the complaint which was

12   served on August 29, 2007.  By virtue of its default, HIGH GROWTH has admitted all the

13   material allegations of the complaint.  All PROSPERO needs prove is the amount of its damages.

14   **3.    PLAINTIFF HAS PROVEN ITS CLAIM FOR BREACH OF**
     **PARTNERSHIP AGREEMENT**

15

16   Federal Courts in diversity cases apply state rules governing interpretation of contracts.

     (See *State of New York v. Blank* 27 F3d 783, 788 (2nd Cir. 1994)).  In order for Plaintiff to
17
     prevail on its claim for breach of contract, it must establish that: (1) a contract was entered into;
18
     (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach of the
19
     Agreement; and, (4) damage to Plaintiff as a result of the breach of contract. (See 4 Witkin, Cal.
20
     Procedure (4th ed., 1997), Plead, § 476, p. 570.)
21
     The complaint alleges as follows:
22
     1.    A contract was entered into: On September 10, 1999, PROSPERO and HIGH
23
     GROWTH entered into the PARTNERSHIP AGREEMENT, wherein HIGH GROWTH agreed
24
     to make a capital contribution of $124,752. (See Stern Dec., ¶ 11, Ex. "A" to Complaint.)
25
     2.    PROSPERO's performance: The Receiver for PROSPERO has properly notified
26
     HIGH GROWTH that it has taken control and has made proper written demand that HIGH
27
     GROWTH make its requisite capital contribution on May 9, 2007, by giving HIGH GROWTH
28

4

1   until June 17, 2007, to make its payment. (Stern Dec., ¶ 17 and Exhibit "G" attached thereto.)

2       3.      HIGH GROWTH's breach: HIGH GROWTH breached the PARTNERSHIP

3   AGREEMENT by failing to pay PROSPERO its portion of the capital contribution. (See Stern

4   Dec., ¶ 18.)

5       4.      Damages: PROSPERO has been damaged in the sum of $62,376, exclusive of

6   interest for monies due under the PARTNERSHIP AGREEMENT. (See Stern Dec. ¶ 15.)

7       By virtue of the above, PROSPERO submits that it has established its claim for breach of

8   contract and that judgment in the sum of $62,376, plus interest, costs, and attorneys' fees should

9   be entered.

10  **4.    IN ADDITION TO THE PRINCIPAL SET FORTH ABOVE, PLAINTIFF IS
       ENTITLED TO INTEREST, COSTS AND ATTORNEYS' FEES**

11

12      **A.    Costs**

13      Paragraph 5.7 of the PARTNERSHIP AGREEMENT attached to the complaint filed

14  previously with this court as Exhibit "A" entitles Plaintiff to recover its Costs. To date, Plaintiff

15  has the following costs in bringing this action the following:

16      a.      Filing Fee                    $350.00

17      b.      Service of process            $59.50

18      c.      Outside copying Service       $87.24

19          **Total Costs:        $ 496.74**

20  (See Levin Dec., ¶¶ 22-27.)

21      **B.    Attorneys' fees:        $3,477.64**

22      In addition to the above, PROSPERO is entitled to attorneys' fees pursuant to the

23  PARTNERSHIP AGREEMENT. (See Exhibit "A" attached to the complaint filed in this case.)

24  Paragraph 5.7 of the PARTNERSHIP AGREEMENT entitled Failure to Contribute Capital

25  explains: "If any legal proceedings relating to the failure of a Limited Partner to make such

26  contribution are commenced, such Limited Partner *shall pay all costs and expenses* incurred by

27  the Partnership, *including attorneys' fees*, in connection with such proceedings." (Emphasis

28  added.)

5

1    In this matter, suit was filed against nine (9) limited partners, one of which is HIGH

2    GROWTH. (Levin Dec. ¶ 23.) Attorneys' fees for matters that were only performed once are

3    accounted for and divided by nine. Examples of this would be the drafting of the administrative

4    motion to consider the cases related or reading the Partnership Agreement. Plaintiff is not

5    seeking to recover these same attorneys' fees from another defendant. (Levin Dec., ¶¶ 24-25) For

6    tasks that must be performed for each individual defendant such as the drafting of the Complaint

7    and drafting of the Request for Default, counsel took track of the time it took to complete all of

8    the documents and then divided the time by the number of the defendants in order to be fair to

9    each defendant. This is due to the fact that the first complaint drafted was more time consuming

10   than the last. (Levin Dec., ¶ 25.)

11        **C.    Interest:**

12        The PARTNERSHIP AGREEMENT has a provision for interest at a rate of prime plus

13   four at the Bank of America's published rate which was nine percent (9 %) per annum at the

14   pertinent time. (Stern Dec., ¶ 19.) Accordingly, PROSPERO now seeks judgment of the

15   principal amount of $62,376; interest at the rate of 9% per annum from June 17, 2005 through

16   November 15, 2007, in the amount of $13,550.12, and interest at the daily rate of $15.38 each

17   day after November 15, 2007, until the entry of judgment.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

6

**CONCLUSION**

The SBA as Receiver for PROSPERO respectfully requests that judgment be entered against Defendant HIGH GROWTH in the principal amount of $62,376; interest at the rate of 9% per annum from June 17, 2005 through November 15, 2007, in the amount of $13,550.12, and at a daily rate of $15.38 thereafter; costs in the amount of $496.74, and attorneys' fees in the amount of $3,477.64, for a total judgment of $79,900.50 plus interest commencing November 16, 2007.

Respectfully submitted,

Dated: December 11, 2007                    COLEMAN & HOROWITT, LLP


By:/S/ Christine J. Levin
CHRISTINE J. LEVIN
Attorneys for Plaintiff
U.S. SMALL BUSINESS
ADMINISTRATION, as Receiver
for PROSPERO VENTURES, L.P.

1

## PROOF OF SERVICE

2
3

I declare that I am a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. My business address is 499 West Shaw, Suite 116, Fresno, California 93704.

4
5

On December 11, 2007, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR JUDGMENT PURSUANT TO FRCP RULE 55(b)(1)** on the interested parties, addressed as follows:

6

7
8
9

[x]    BY MAIL - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business.

10
11

[]    BY CALIFORNIA OVERNIGHT - by placing [] a true and correct copy [] the original thereof enclosed in a sealed envelope for delivery via California Overnight next day delivery to the addressee noted above.

12
13

[]    BY HAND DELIVERY - by delivering by hand and leaving a true copy with the person and at the address shown above.

14
15

[]    BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below.

Facsimile No.

16
17

[]    STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

[x]    FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

19

Executed on December 11, 2007, at Fresno, California.

20

21

_Lisa R. Barr_
Lisa R. Barr

22

23

24

25

26

27

28

8

**Via U.S. Mail**

Jerald P. Shaevitz
24175 Dawnridge Dr.
Los Altos Hills, CA 94024

Agent for Defendants,
High Growth Management, Ltd.

**Via California Overnight:**

<u>**Chambers Copies**</u>

Hon. Maria-Elena James
U.S. District Court, Northern District
450 Golden Gate Avenue
16th Floor, #1111
San Francisco, CA 94102

F:\CLIENTS\1875-USSBA\Prospero\01Prospero\Pldg\Defaults\HighGrowth\MemoP&A.wpd
12/11/07 – 5:24 pm

MEMORANDUM OF POINTS AND AUTHORITIES