IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, LP,

        Plaintiff,

        v

HIGH GROWTH MANAGEMENT, LTD,

        Defendant.

No C 07-3735 VRW

ORDER

        Plaintiff seeks default judgment that defendant breached its partnership agreement with Prospero Ventures by failing to make its agreed capital contribution in full. Plaintiff filed its complaint on July 19, 2007. Doc #1. Defendant was served on August 29, 2007, but did not respond. Doc #4. On October 18, 2007, the clerk entered default. Doc #7.

Plaintiff filed a motion for default judgment against defendant on December 12, 2007. Doc #16. Plaintiff served its motion and supporting papers on defendant on January 30, 2008. Doc #21. Defendant did not respond to the motion for default judgment.

The court ordered defendant to show cause in writing by April 11, 2008, why plaintiff's motion for default judgment should not be granted and judgment entered. Doc #34. The court also stated that if defendant failed to provide good cause, then plaintiff's application for default judgment under FRCP 55(b) would be granted without further appearance by plaintiff. On April 29, 2008, the court extended the deadline to respond to May 9, 2008, in order to permit additional time for service. Doc #35. Defendant was served with the order to show cause on April 30, 2008. Doc #36. Defendant has not responded to the order to show cause.

Plaintiff seeks as damages the amount of the unpaid capital contribution ($62,376) plus interest, attorney fees and costs. Having reviewed the complaint and the declarations in support of default judgment (Doc ##1, 16), the court concludes that plaintiff has made a sufficient showing to support the requested judgment.

I

The court first addresses plaintiff's motion for default judgment. "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." Televideo Systems, Inc v Heidenthal, 826 F2d 915, 917 (9th Cir 1987), citing Roadway Express, Inc v Piper, 447 US 752, 764 (1980), Link v Wabash

2

1 RR, 370 US 626, 632 (1962), and <u>United States v Moss-American, Inc</u>,
2 78 FRD 214, 216 (E D Wis 1978).

3 "The general rule of law is that upon default the factual
4 allegations of the complaint, except those relating to the amount
5 of damages, will be taken as true." <u>Televideo Systems</u>, 826 F2d at
6 917-18, quoting <u>Geddes v United Financial Group</u>, 559 F2d 557, 560
7 (9th Cir 1977). "Upon entry of default judgment, facts alleged to
8 establish liability are binding upon the defaulting party, and
9 those matters may not be relitigated on appeal." <u>Danning v Lavine</u>,
10 572 F2d 1386, 1388 (9th Cir 1978) (citations omitted). Following
11 default judgment, a defendant is deemed to have admitted the well-
12 pleaded allegations in the complaint. <u>Benny v Pipes</u>, 799 F2d 489,
13 495 (9th Cir 1986), amended, 807 F2d 1514 (9th Cir 1987), citing
14 <u>Thomson v Wooster</u>, 114 US 104, 114 (1884) and <u>In re Visioneering</u>
15 <u>Construction</u>, 661 F2d 119, 124 (9th Cir 1981).

16 In determining whether to enter default judgment, a court
17 should consider several factors, including: (1) the possibility of
18 prejudice to the plaintiff, (2) the merits of the plaintiff's
19 substantive claim, (3) the sufficiency of the complaint, (4) the
20 sum of money at stake in the action, (5) the possibility of a
21 dispute concerning material facts, (6) whether the default was due
22 to excusable neglect and (7) the strong policy underlying the
23 Federal Rules of Civil Procedure favoring decisions on the merits.
24 See <u>Eitel v McCool</u>, 782 F2d 1470, 1471-72 (9th Cir 1986). None of
25 these factors weigh heavily against entry of default judgment and
26 several factors weigh strongly in favor of entering default
27 judgment. Defendant responded to neither plaintiff's complaint,
28 the clerk's entry of default, the court's order to show cause nor

3

plaintiff's motion for default judgment. By refusing to defend this suit, defendant leaves no other remedy to plaintiff than default judgment. Defendant has been warned of the possibility of default. In addition, it appears that plaintiff's claims are meritorious and there is little chance of a dispute concerning material facts. Having considered the <u>Eitel</u> factors, the court finds that entry of default judgment is appropriate, and plaintiff's motion for default judgment is therefore GRANTED.

II

Plaintiff alleges in the complaint that defendant and Prospero signed a partnership agreement whereby defendant agreed to contribute $124,752 to Prospero. Doc #1 at ¶¶6-10. Defendant only paid half of that contribution, leaving $62,376 unpaid. Doc #1 at ¶11. Plaintiff demanded payment by June 17, 2005, but the demand was unsuccessful. Doc #1 at ¶13. Taking those allegations as true, the court finds that defendant breached its agreement and caused harm to plaintiff.

III

Having established defendant's liability, the court turns to the relief requested by plaintiff. The damages available to plaintiff are defined in the partnership agreement. The amount of principal is set in the contract – defendant owes plaintiff $62,376. Plaintiff also requests interest, costs and fees as described in the agreement.

The partnership agreement states that a defaulting partner must pay interest on the amount of unpaid capital

4

1 contribution "at an interest rate equal to the floating commercial
2 rate of interest publicly announced by Bank of America, San
3 Francisco, California, as its prime rate plus four percent (4%) per
4 annum, such interest to accrue from the date the contribution to
5 the partnership was required to be made * * * until the date the
6 contribution is made * * *."  Doc #1 at ¶14.  Plaintiff asserts
7 that the prime rate from June 17, 2005 (the deadline in plaintiff's
8 demand letter) until November 15, 2007 (just before plaintiff filed
9 its motion for default judgment) was 5 percent.  See Doc #16 (Stern
10 decl) at ¶¶19-21.  Plaintiff asserts that this interest accrued at
11 $15.38 per day for a total amount of interest due of $17,210.22.
12 See Doc #37 at ¶¶11-13.

13        Plaintiff also requests reimbursement for attorney fees
14 and the costs of this lawsuit.  Paragraph 5.7(a) of the partnership
15 agreement states that "[i]f any legal proceedings relating to the
16 failure of a limited partner to make [a capital] contribution are
17 commenced, such limited partner shall pay all costs and expenses
18 incurred by the partnership, including attorneys' fees, in
19 connection with such proceedings."  Doc #1 Exh A at ¶5.7(a).

20        Plaintiff requests costs and expenses totaling $496.74.
21 This amount includes the $350.00 filing fee, $59.50 for service of
22 process and $87.24 for general mailing and copying costs.  Doc #16
23 (Levin decl) at ¶¶26-27.  The court finds these costs reasonable.
24 Accordingly, the court awards plaintiff its costs of $496.74.

25        Plaintiff also requests attorney fees.  Doc #16
26 (memorandum) at 5-6.  Plaintiff claims that amount as defendant's
27 "share" of the attorney fees incurred in the entire case, which
28 encompasses a total of nine related actions.  Plaintiff asserts

that it "is not seeking to recover duplicative attorneys' fees from the various defendants." Doc #16 (Levin decl) at ¶24. Plaintiff states that "fees for matters that were only performed once are accounted for and divided by nine. Examples of this would be the drafting of the administrative motion to consider the cases related or reading the partnership agreement." Doc #16 (Levin decl) at ¶24. Plaintiff states further that "[f]or tasks that must be performed for each individual defendant such as the drafting of the complaint and drafting of the request for default, counsel kept track of the time it took to draft all of the documents and then divided the time by the number of the defendants in order to be fair to each defendant. This is due to the fact that the first complaint drafted would necessarily be more time-consuming than the last." Doc #16 (Levin decl) at ¶25. Overall, plaintiff states that defendant's share is $4,497.16. Doc #27 (Levin supplemental decl) at ¶10. The court finds that the requested fees appear well-within the guideline rates established in the Laffey matrix used in the District of Columbia. See In Re HPL Technologies, Inc, 366 F Supp 2d 912 (N D Cal 2005); http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_6.html, citing Laffey v Northwest Airlines, Inc, 572 F Supp 354 (DDC 1983), aff'd in part, rev'd in part on other grounds, 746 F2d 4 (DC Cir 1984). Accordingly, the court awards $4,497.16 in attorney fees.

     In sum, the court awards plaintiff $84,580.12, consisting of $62,376 in contract damages, $17,210.22 in interest, $4,497.16 in attorney fees and $496.74 in expenses.

//

//

IV

For the foregoing reasons, the court GRANTS plaintiff's motion for default judgment. Doc ##15-16. The clerk is directed to enter judgment in favor of plaintiff and against defendant as set forth above and to terminate all pending motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge